IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MITCHELL WHITE,

        Plaintiff,        Civil No. 04-1584-HO

        v.        ORDER

SHERIFF JACK CRABTREE,
et al.,

        Defendants.

HOGAN, District Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated in the Yamhill County Jail.

    By Order (#5) plaintiff was advised that his complaint did not meet the minimal pleading standards set forth in Fed. R. Civ. P 8(a,) and allowed 30 days to file an amended complaint curing the deficiencies set forth in the court's

1 - ORDER

order.

Plaintiff subsequently filed a number of documents referring to his "ammend complaint" but it is not exactly clear which document is intended to be his amended complaint. Plaintiff's "Amended Brief to Ammend Complaint" (sic) discusses plaintiff's conviction and parole board proceedings and other matter unrelated to his claim in this case. I take judicial notice that plaintiff has other lawsuits pending. It may be that plaintiff has his claims and cases confused.

The court construes plaintiff's document (#6) as the operative pleading before the court. That document is captioned "Amended Brief - Ammend Complaint" and states: "The plaintiffs' (sic) claim is that on 10/16/04 he reported a racial incident, (see document 10-16-04). After reporting the incident plaintiff was still put in contact with the racial individual witch he was struck in the face." Plaintiff further alleges that the report of this incident written by the "responding officer" has not been provided to him. Plaintiff seeks $20,000 in damages against defendant Crabtree and "would also like the courts to make sure that this matter dose (sic) not happen again (and) to be moved to another facility."

Defendants filed a Motion for Summary Judgment (#17) on April 6, 2005. Although plaintiff has been advised of the

federal summary judgment standard, see, Order (#14), plaintiff has not filed a response to defendants' motion or requested an extension of time in which to do so.

Plaintiff has apparently abandoned and failed to prosecute his claims.

Moreover, defendants' unopposed Motion for Summary Judgment establishes that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law because they have not been sued in their individual capacities.

In addition to the reasons set forth in defendants' motion, I find that defendant is entitled to judgment as a matter of law because plaintiff's complaint fails to state a claim. The crux of plaintiff's claim is that he reported to defendant Crabtree that other inmates had used the word "nigger" towards him and that he expected "to be processed in your jail just like anyone else." Plaintiff further alleges that he was subsequently assaulted by another inmate.

Although inmates have the right to be incarcerated in a reasonably safe environment prison officials cannot eradicate prison violence. See, Hoptowit v. Ray, 682 F.2d 1237 (9th Cir. 1982); Walker v. U.S., 437 F. Supp. 1081 (D. Or. 1977) (prison officials do not have a duty to "protect plaintiff absolutely" while he is in prison). Plaintiff's allegations establish

3 - ORDER

nothing more than a single, isolated incident of prison violence which is unfortunate but is insufficient to state a claim for failure to protect in violation of the due process clause. See, Williams v. Field 416 F.2d 483 (9th Cir. 1969).

I construe plaintiff's prayer for relief requesting that the court "makes sure this matter doesn't happen again" as a request for injunctive relief. In order to establish entitlement to injunctive relief, plaintiff must demonstrate irreparable injury, or some "real or immediate threat that he will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)

Plaintiff was released from the Yamhill County Correctional Facility (YCCF) on January 25, 2005 and has indicated in his admissions that he does not intend to be re-incarcerated at YCCF. Therefore plaintiff's request for injunctive relief is moot. Taylor v. Rogers, 781 F2d 1047, 1048 n. 1 (4th Cir. 1986) (a prisoner's transfer moots a request for injunctive relief; see also, Moore v. Thieret, 862 F2d 148, 150 (7th Cir. 1988); McGee v. Waters, 810 F2d 451, 452 (4th Cir. 1987); Hood v. Crabtree, 2000 US Appellate LEXIS 27665.

In summary, plaintiff has failed to state a claim cognizable under 42 U.S.C. § 1983, failed to controvert defendants' facts demonstrating that they are entitled to

4 - ORDER

judgment as a matter of law, failed to establish entitlement to injunctive relief and failed to prosecute his claims.

Defendants' unopposed Motion for Summary Judgment (#17) is allowed. This case is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 21st day of November, 2005.

                                                          _____
                                                          Michael R. Hogan
                                                          United States District Judge